# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MELVIN D. REED,**

                **Plaintiff,**

**v.**                                          **Case No. 05-C-987**

**INNOVATIVE HEALTH & FITNESS,**

                **Defendant.**

# DECISION AND ORDER

The plaintiff, Melvin D. Reed ("Reed"), filed his *pro se* complaint in this Court on September 13, 2005, alleging that he was discriminated against by his employer, and ultimately terminated, based on his race. With his complaint, Reed also submitted a petition and affidavit for leave to proceed *in forma pauperis* ("IFP"), which the Court now considers.

To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2). The Court is obliged to give Reed's *pro se* allegations, however unartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Reed's petition states that he was receiving unemployment compensation in the amount of $250 per week until April 2005. New employment commenced on September 1, 2005, with a monthly draw of $1,500. Reed has identified approximately $685 in monthly expenses and $3,300 in outstanding credit card debt and personal loans. (The monthly required payment on the latter debts was not identified.) Based on his affidavit and petition, Reed has adequate resources to pay the filing fee for this action. There is more, however, to this inquiry.

On October 21, 2005, the Court received an "amendment" to Reed's IFP petition. In that amendment, Reed states that he is no longer employed, effective September 27, 2005. This claim is substantiated by a letter from his former employer stating that he was employed from September 1, 2005 to September 27, 2005. The amendment has not been made in affidavit form nor submitted under penalty of perjury.

The Court finds that Reed, given his current unemployed status, is likely unable to pay the costs of commencing his action. Therefore, the Court next asks whether his action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). Based on his complaint, the Court cannot say that Reed's claim is frivolous or malicious. His factual representations and claims, if evidence of discrimination, may provide grounds for relief against his former employer. Reed will be permitted to proceed with his action *in forma pauperis*.

The Court notifies Reed at the outset of this suit that his *pro se* status does not exempt him from complying with this Court's Local Rules or the Federal Rules of Civil Procedure. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Reed has previously filed between ten and fifteen actions alleging discrimination against various employers; he is no novice to the federal system.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Reed's Petition to Proceed in Forma Pauperis (Docket No. 2) is **GRANTED**.

It is further ordered that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the Defendant pursuant to Fed. R. Civ. P. 4.

Reed is hereby notified that, from now on, he is required, under Rule 5(a) of the Federal Rules of Civil Procedure, to send a copy of every paper or document filed with the Court to the Defendant or its attorney(s). He should also retain a personal copy of each document. If Reed does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the Defendant or to its attorney(s).

Reed is further advised that failure to make timely submissions or comply with the Federal Rules of Civil Procedure and/or this Court's Local Rules may result in the dismissal of his action for failure to prosecute.

In addition, the parties must notify the clerk's office of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 27th day of October, 2005.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**